17-DCV-242902
DISS4
Docket Sheet
4851759

**DOCKET**

CAUSE NO. 17-DCV-242902

| COURT NO. | STYLE OF CASE | ATTORNEYS | TYPE OF ACTION | DATE OF FILING | | |
|---|---|---|---|---|---|---|
| | | | | MONTH | DAY | YEAR |
| 400TH JUDICIAL DISTRICT COURT | NORIS ROGERS V. UNITED STATES FIRE INSURANCE COMPANY | NORIS ROGERS | Contract - Other Contract | 06/27/2017 | | |

STENOGRAPHER USED?

| YES | NO |
|---|---|

14506 BERRINGTON DRIVE
HOUSTON TX 77083

| DATE OF ORDERS | | |
|---|---|---|
| MONTH | DAY | YEAR |

ORDERS OF COURT

JURY FEE

PAID BY:

Exhibit 2

CAUSE NO. 17-DCV-242902
NORIS ROGERS V. UNITED STATES FIRE INSURANCE COMPANY

| DATE OF ORDERS | | |
|---|---|---|
| MONTH | DAY | YEAR |
| | | |
| | | |
| | | |

Exhibit 2

# CIVIL CASE INFORMATION SHEET

**CAUSE NUMBER** *(FOR CLERK USE ONLY):* 17 - D C V - 242902 ,   **COURT** *(FOR CLERK USE ONLY):* **400**

**STYLED** Noris Rogers v. United States Fire Insurance Company
*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

## 1. Contact information for person completing case information sheet:

| Name: | Email: | Person or entity completing sheet is: |
|---|---|---|
| Noris Rogers | norisrogers@sbcglobal.net | ☐ Attorney for Plaintiff/Petitioner<br>☒ *Pro Se* Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: |

**Names of parties in case:**

Plaintiff(s)/Petitioner(s): Noris Rogers

Defendant(s)/Respondent(s): United States Fire Insurance Company

[Attach additional page as necessary to list all parties]

Address: 14506 Berrington Drive
Telephone: 281.564.0668
City/State/Zip: Houston, Texas 77083-5770
Fax: n/a
Signature:
State Bar No: n/a

Additional Parties in Child Support Case:
Custodial Parent:
Non-Custodial Parent:
Presumed Father:

## 2. Indicate case type, or identify the most important issue in the case *(select only 1):*

### Civil

**Contract**
*Debt/Contract*
☐ Consumer/DTPA
☐ Debt/Contract
☐ Fraud/Misrepresentation
☒ Other Debt/Contract:
   Insurance Action
*Foreclosure*
☐ Home Equity—Expedited
☐ Other Foreclosure
☐ Franchise
☐ Insurance
☐ Landlord/Tenant
☐ Non-Competition
☐ Partnership
☐ Other Contract:

**Injury or Damage**
☐ Assault/Battery
☐ Construction
☐ Defamation
*Malpractice*
☐ Accounting
☐ Legal
☐ Medical
☐ Other Professional Liability:
☐ Motor Vehicle Accident
☐ Premises
*Product Liability*
☐ Asbestos/Silica
☐ Other Product Liability List Product:
☐ Other Injury or Damage:

**Real Property**
☐ Eminent Domain/Condemnation
☐ Partition
☐ Quiet Title
☐ Trespass to Try Title
☐ Other Property:

**Related to Criminal Matters**
☐ Expunction
☐ Judgment Nisi
☐ Non-Disclosure
☐ Seizure/Forfeiture
☐ Writ of Habeas Corpus— Pre-indictment
☐ Other:

### Family Law

**Marriage Relationship**
☐ Annulment
☐ Declare Marriage Void
*Divorce*
☐ With Children
☐ No Children

**Other Family Law**
☐ Enforce Foreign Judgment
☐ Habeas Corpus
☐ Name Change
☐ Protective Order
☐ Removal of Disabilities of Minority
☐ Other:

**Post-Judgment Actions (non-Title IV-D)**
☐ Enforcement
☐ Modification—Custody
☐ Modification—Other

**Title IV-D**
☐ Enforcement/Modification
☐ Paternity
☐ Reciprocals (UIFSA)
☐ Support Order

**Parent-Child Relationship**
☐ Adoption/Adoption with Termination
☐ Child Protection
☐ Child Support
☐ Custody or Visitation
☐ Gestational Parenting
☐ Grandparent Access
☐ Parentage/Paternity
☐ Termination of Parental Rights
☐ Other Parent-Child:

**Employment**
☐ Discrimination
☐ Retaliation
☐ Termination
☐ Workers' Compensation
☐ Other Employment:

**Other Civil**
☐ Administrative Appeal
☐ Antitrust/Unfair Competition
☐ Code Violations
☐ Foreign Judgment
☐ Intellectual Property
☐ Lawyer Discipline
☐ Perpetuate Testimony
☐ Securities/Stock
☐ Tortious Interference
☐ Other:

**Tax**
☐ Tax Appraisal
☐ Tax Delinquency
☐ Other Tax

**Probate & Mental Health**
*Probate/Wills/Intestate Administration*
☐ Dependent Administration
☐ Independent Administration
☐ Other Estate Proceedings
☐ Guardianship—Adult
☐ Guardianship—Minor
☐ Mental Health
☐ Other:

## 3. Indicate procedure or remedy, if applicable *(may select more than 1):*

☐ Appeal from Municipal or Justice Court
☐ Arbitration-related
☐ Attachment
☐ Bill of Review
☐ Certiorari
☐ Class Action
☐ Declaratory Judgment
☐ Garnishment
☐ Interpleader
☐ License
☐ Mandamus
☐ Post-judgment
☐ Prejudgment Remedy
☐ Protective Order
☐ Receiver
☐ Sequestration
☐ Temporary Restraining Order/Injunction
☐ Turnover

## 4. Indicate damages sought *(do not select if it is a family law case):*

☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☒ Less than $100,000 and non-monetary relief
☐ Over $100, 000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

FILED 2017 JUN 27 AM 10: 27 Annie Rebecca Elliott CLERK DISTRICT COURT FORT BEND CO., TX

Exhibit 2



17-DCV-242902
PETID
Petition
4850827

**DOCKET NO.**
**17-DCV-242902**

NORIS ROGERS,          §     IN THE COUNTY COURT
      *Plaintiff*          §
                 §
                 §
v.                     §     AT LAW NUMBER **400**
                 §
UNITED STATES FIRE INSURANCE  §
COMPANY,               §     FORT BEND COUNTY, TEXAS
      *Defendant*          §

### PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

    Plaintiff, Noris Rogers (appearing *pro se*) brings the following action against Defendant, United States Fire Insurance Company and would show the Court the following:

### DISCOVERY CONTROL PLAN

    1.  Plaintiff intends to conduct discovery in this case under Texas Rule of Civil Procedure ("TRCP") 190.2 (Level 1) and affirmatively pleads that this lawsuit is governed by the expedited-actions process pursuant to TRCP Rule 169.

### CLAIMS FOR RELIEF

    2.  As required and pursuant to TRCP Rule 47(c)(1), Plaintiff affirmatively pleads that the damages sought are within the jurisdictional limits of this court; and he seeks only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, and pre-judgment interest.

### PARTIES

    3.  Plaintiff, Noris Rogers, appearing *pro se,* is a United States citizen and Texas resident who reside at 14506 Berrington Drive, Houston, Fort Bend County, Texas

Exhibit 2

77083-5770, and whose Texas driver license number is 07028179. Plaintiff is a specified third-party beneficiary.

4. Defendant, United States Fire Insurance Company is a "foreign" fire and casualty insurance company pursuant to *Section 804.103* of the Texas Insurance Code. Defendant's last known physical address is 305 Madison Avenue, Morristown, New Jersey 07960-6117. Its Texas Department of Insurance Identification Number is 95866 and Federal Employee Identification number is 135459190.

Defendant may be served with process of service by serving its registered agent for service: **Mike Hicks, Regional Claims Manager at 2400 Lakeside Boulevard, Suite 200, Richardson, Texas 75082-4341.**

## JURISDICTION AND VENUE

5. This court has jurisdiction in this matter since at all times relevant, Plaintiff has been a permanent resident of Fort Bend County and this is the county where the policy holder resided at the time this cause of action accrued.

6. Venue for this suit is permissive in Fort Bend County under Texas Civil Practices and Remedies Code section 15.002 since all of the events and omissions giving rise to Plaintiff's claims of liability occurred therein.

## CONDITIONS PRECEDENT

7. At all times relevant, a valid contract of insurance existed at the time the charges for medical costs were incurred and all such medical costs were reasonable and necessary to treat the injury Plaintiff sustained on November 8, 2015: *See*, (Attachment A) (notice of acceptance of claim). All conditions precedent to the Defendant's liability under the supplemental accident insurance contract/policy has occurred or has been performed.

Exhibit 2

## STATEMENT OF THE CASE

8.   The Defendant issued a Commercial Supplemental Accident Policy of Insurance to Safety America, Inc., ("Safety America") under policy number, US463496.[1] On or about January 25, 2016, the Plaintiff, Noris Rogers ("Rogers", "I" of other personal pronoun) became a third-party beneficiary under the terms of the insurance policy: (*Id).*[2]

9.   In the early afternoon on Sunday, November 8, 2015, Plaintiff was engaged in a karate sparring session at the Cordes training facility when he sustained a facture to his left knee from a kick by a sparring partner.[3] On that same day, Plaintiff was driven to St. Michael's Emergency Room, an out-patient emergency medical treatment facility by Bob Ryan.[4] On or about January 8, 2016, Plaintiff was seen by Doctor Steven E. Nolan at Fondren Orthopedic Group L.L.P. for the first time as a *cash pay* patient. Doctor Nolan straightaway ordered an MRI. The MRI revealed a "comminuted fracture of the lateral tibial plateau". It was at this time that Plaintiff first learned that he had sustained a facture to his left knee.[5]

10.   On or about February 5, 2016, Defendant began directly accepting and paying claims from Plaintiff's medical providers. On March 5, 2016, Doctor Nolan recommended that Plaintiff began physical therapy. Plaintiff started physical therapy on

---

[1] Safety America is a renowned martial arts school with its main training facility located at 2595 Cordes Drive, Sugar Land, Texas 77479. The business is owned by Robert Gifford, a seventh-degree black belt martial artist.

[2] The coverage was made retroactive back to November 8, 2015, the date of the injury.

[3] Plaintiff is a former martial artist who received his first-degree black belt from Safety America in April of 2005. At all times relevant, Plaintiff was a full member in good standing at Safety America, Inc.

[4] Bob Ryan is a fifth-degree black belt, head instructor at Safety America. The x-rays taken at the emergency facility, later proved to be inconclusive.

[5] Plaintiff does not have private medical insurance; neither does he receive benefits from Medicare or Medicaid.

Exhibit 2

his left knee at Premier Performance Physical Therapy of Oak-Bend Medical Center on March 8, 2016.

11. On or about June 15, 2016, Plaintiff also began seeing Doctor Benoy Benny, M.D. (a Physical Medicine and Rehabilitation Specialist) at The Spine and Sports Center for pain in his low-back. Doctor Benny determined that Plaintiff's low-back pain was related to the original knee injury; and on or about June 21, 2016, in conjunction with the physical therapy for the knee, Plaintiff also started physical therapy at Premier Performance Physical Therapy of Oak-Bend Medical Center for his low-back pains.

12. Premier Performance Physical Therapy of Oak-Bend Medical Center is a duly qualified health care provider and all of the physical therapy services it provided to Plaintiff between March and October of 2016; were reasonable and necessary.

13. However, in a letter dated September 29, 2016, the Defendant notified Plaintiff that (*as related to the knee injury*) it would *no longer* be covering charges for services after May 31, 2016. The letter also stated (*as related to the low-back*) that the Defendant would not approve or pay for *any* of the treatments received by Plaintiff. The Defendant had apparently withheld all payments on claims from Premier Performance after May 31, 2016 for the medical care it had provided to the Plaintiff.

14. Plaintiff appealed, and then in a second letter, dated November 15, 2016, the Defendant *partially* reversed its decision. Defendant agreed to pay for (" an additional 12 therapy visits", as related to the low-back), but held fast to its decision not to pay for anymore therapy visits after May 31, 2016, as related to the original knee injury.

Exhibit 2

15.  In all, as related to the knee, Plaintiff received physical therapy treatments about three times a week from March 8, 2016 through October 7, 2016; and as related to the low-back, about twice a week, from about June 21, 2016 through August 23, 2016.

16.  Pursuant to the terms of the insurance contract, the policy has e.g., a $100,000.00 maximum benefit per injury, and a benefit period of 12 months. Neither of these limits was exceeded or had expired: (*See*, Attachment 1).

17.  On or about June 26, 2016, Plaintiff received a "Notice of Award" (after filing a claim for disability) from Social Security Administration Retirement, Survivors and Disability Insurance ("SSA"). The SSA found that Plaintiff had become disabled under its rules on "November 15, 2016". Plaintiff became entitled to monthly disability benefits beginning in May of 2016.[6]

## NO FEDERAL CLAIMS ARE ASSERTED IN THIS LAWSUIT

18.  Plaintiff does not assert any federal claims in this proceeding. Plaintiff's claims herein are based solely on Defendant's delay and refusal to pay medical expenses for bodily injury caused by an accident which occurred on the insured's premises pursuant to the terms of the commercial general liability insurance policy and requirements of the Texas Insurance Code.

## CAUSES OF ACTION

## COUNT NO. 1 – BENEFITS PAYABLE TO PLAINTIFF

19.  As of the date of this filing, Plaintiff has still not reached full or maximum recovery from the original injury to his left knee, or from his low-back related problems.

---

[6] Plaintiff is 64-years old and is licensed by the state of Texas as a Master Electrician and Electrical Contractor, and had been self-employed in that capacity since 1994.

Exhibit 2

20. Past due benefits are due to the Plaintiff under the terms of the insurance contract/policy in the amount of $10,802.80, which represents the amount of medical costs the Defendant denied.

21. Benefits for future medical costs are due to the Plaintiff under the terms of the insurance contract/policy in an amount up to $77,670.00.

## COUNT NO. 2 – VIOLATIONS OF THE TEXAS INSURANCE CODE SECTIONS 542, 4201 *ET SEQ* AND BAD-FAITH LIABILITY

22. The Plaintiff is also entitled to recover statutory penalties of 18 percent per year of the amount payable under the policy, because at least six months has elapsed since the claims were presented for payment, and the Defendant has not paid the Plaintiff's claims, even though it is liable to pay the claims under the terms of the insurance contract.

23. Both the Defendant and the insured (Safety America) has refused to cooperate in furnishing the Plaintiff with complete information regarding benefits available to him under Safety America's insurance contract. Defendant did not adhere to reasonable standards in conducting its utilization review.

24. Defendant pre-approved all sessions of physical therapy, then after several months of delays later denied the claims for payment for those same pre-approved sessions of treatment.

## COUNT NO. 3 – BREACH OF CONTRACT

25. The Plaintiff has standing to enforce the contract executed by Defendant and the insured because Plaintiff is a third-party beneficiary of the insurance contract.

26. The Plaintiff has fully performed his contractual obligations under the terms of the insurance contract.

Exhibit 2

27. Defendant breached the contract because it has refused to fulfill its obligation pursuant to the insurance contract. Defendant did not adhere to reasonable standards in conducting its utilization review.

28. Upon information and belief, the Defendant pre-approved all sessions of physical therapy, then after several months of delays, later denied payment of claims for those same pre-approved sessions of treatment.

## DEMAND FOR JURY TRIAL

29. Plaintiff hereby makes his request for a trial by jury in this cause pursuant to Rule 216 of the Texas Rules of Civil Procedure.

## DAMAGES

30. Defendant is liable; as a direct and proximate result of its decision to not approve and pay for all medically necessary services received by Plaintiff. Defendant has harmed Plaintiff due to the disparity of bargaining power inherent in the insurer and insured relationship and because of the exclusive control exercised by the Defendant in the processing of Plaintiff's claims.

31. Defendant's conduct of denying payments to service providers (on Plaintiff's behalf) for medically necessary services has caused and continues to cause Plaintiff substantial harm.

## RELIEF REQUESTED

The Plaintiff request that the Defendant is cited to appear and answer herein, and then upon final hearing, Plaintiff be awarded judgment as follows:

1. Actual damages;

2. Past and future medical expenses;

Exhibit 2

3. Past and future pain and suffering;

4. Past and future mental anguish;

5. Exemplary damages;

6. Prejudgment and post judgment interest;

7. Court costs;

8. Attorney fees, if applicable;

9. Such other and further relief, at law or in equity to which Plaintiff has shown himself justly entitled.

## PLAINTIFF'S REQUEST FOR DISCLOSURE

Under authority of Texas Rule of Civil Procedure 194, Plaintiff requests that the Defendant disclose, within 50 days of service of this request, the information and/of material requested in Texas Rule of Civil Procedure 194.2(a)-(l).

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1. Please produce a complete copy of the Commercial General Liability/Accident/ Supplemental Accident Policy Defendant issued to "Robert Gifford" (owner) "Safety America, Inc." under Policy No. US463496, which make the basis of this lawsuit.

2. Please produce a complete copy of the "notification of injury form"/claim form filed by Robert Gifford, on Plaintiff's behalf under Group No. FLDUSF415, which make the basis of this lawsuit.

Respectfully submitted,

Noris Rogers
14506 Berrington Drive
Houston, Texas 77083-5770
Landline: 281-564-0668
Email: norisrogers@sbcglobal.net

FILED

2017 JUN 27  AM 10: 27

Annie Rebecca Elliott
CLERK DISTRICT COURT
FORT BEND CO., TX

Page 8 of 8

Exhibit 2



P.O. BOX 14162
READING, PA 19612-4162

PHONE: 866-915-6618
FAX: 610-370-6767

www.loomisco.com
suppacc@loomisco.com

THE LOOMIS COMPANY

January 25, 2016

RECEIVED
1.29.2016

Noris Rogers
14506 Berrington Dr
Houston, TX 77083

Group# FLDUSF415
Claimant: Noris Rogers

To Whom It May Concern:

We received a notification of injury form for the above
claimant regarding an injury that occurred on 11/8/2015. We have
opened an account for this injury under policy number US463496.
This is a supplemental accident policy that contains limited
benefits.   The items checked below apply to the coverage
provided under this policy.

_X_This policy has a $1,000.00 deductible.
_X_This policy has a $100,000.00 benefit maximum per injury.
_X_This policy has a benefit period of 12 months.
_X_This policy is a Full Excess policy.  We would be secondary
     to most other insurance.
_X_This policy requires the First Covered Expense to be incurred
     within 90 days of the injury.
____This policy is a Primary policy.
_X_This policy has specific benefit limits on most services.
     Please review benefits with the policyholder or contact us
     for benefit details.
_X_This policy does not cover most medical supplies and equipment.
_X_Durable Medical Equipment rentals require pre-approval.
     Purchases are not covered

In order to review charges related to the injury, we will need
the providers to submit itemized bills in CMS 1500, UB04, or ADA
format.  If you have not done so already, please contact your
providers and let them know you have supplemental accident
insurance and that they should be submitting their claims
directly to our office.  If you have already paid the provider
and/or they will not bill us directly, ask them to provide you
with an itemized bill that includes their name, address, tax
identification number, procedure or revenue codes, and diagnosis
codes. We will not pay benefits from receipts only; however,
proof of payment is required to reimburse the claimant directly.

If this is a Full Excess policy and you have primary insurance,
we will also require copies of the explanation of benefits from

ATTACHMENT A

INSURANCE AND ADMINISTRATIVE SERVICES
WYOMISSING PA • ANNAPOLIS MD • FORT LAUDERDALE FL • LAS VEGAS NV • PORTLAND OR • TOMS RIVER NJ

Exhibit 2



P.O. BOX 14162
READING, PA 19612-4162

PHONE: 866-915-6618
FAX: 610-370-6767

www.loomisco.com
suppacc@loomisco.com

your primary insurance carrier for each charge submitted.   If
you have been treated by a dentist, endodontist, etc., the
charges will have to be submitted to your primary medical

insurance carrier for review.   Most major carriers cover
injuries to the mouth under the medical benefits.   If they do
not, we will need a denial notice from the carrier.

Thank you for your submission.   If you have any questions
regarding the information contained in this letter, or your claim
in general, please contact us at 866-915-6618 or at
suppacc@loomisco.com. Submit all claims to The Loomis Company,
PO Box 14162, Reading, PA 19612.

This letter is not a guarantee of benefits.   All benefits are
subject to the claimant's eligibility, policy provisions, and
medical necessity at the time of service.

Sincerely,

Claims Department
The Loomis Company

LOOMIS
THE LOOMIS COMPANY
850 N. PARK ROAD
P.O. BOX 7011
WYOMISSING, PA 19610-6011

CARRIER: UNITED STATES FIRE ACCIDENT HEALTH

INSURANCE AND ADMINISTRATIVE SERVICES
WYOMISSING PA • ANNAPOLIS MD • FORT LAUDERDALE FL • LAS VEGAS NV • PORTLAND OR • TOMS RIVER NJ

Exhibit 2



**ANNIE REBECCA ELLIOTT**
**Fort Bend County District Clerk**
**301 Jackson, Richmond, TX 77469**



17–DCV–242902
REQU
Request
4850835

Telephone: (281) 341-4509
Fax: (281) 341-4519

## REQUEST FOR PROCESS
### All sections __must__ be completed for processing this request.

**Section 1:**
Cause No. 17 - DCV - 242902 ,    **400**    Date JUNE 27, 2017
Style:

NORIS ROGERS
VS

UNITED STATES FIRE INSURANCE COMPANY

**Section 2:**
## Check Process Type:

☒ Citation  ☐ Precept to Serve / Notice of Hearing  ☐ Temporary Restraining Order

☐ Application for Protective Order / Temporary (Ex Parte) Protective Order

☐ Notice of Registration of Foreign Judgment  ☐ Citation by Posting

☐ Writ of _____  ☐ Other _____

☐ Citation by Publication* - Newspaper: _____

* (All publications are sent to: __Fort Bend Herald__ 1902 South Fourth Street, Rosenberg TX 77471)

* (**Unless another newspaper is specified** – FBC Constable will __only__ serve within their jurisdiction.)

**APPLICATION FOR ISSUANCE OF SUBPOENA MUST BE SUBMITTED ON A SEPARATE FORM**

**Section 3:**
## Title of Document/Pleading to be attached for service: _____

PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE AND
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Note: You must furnish __one copy__ of the document/pleading for __each__ party served.

**Section 4:** PARTIES TO BE SERVED (Please type or print):

1. Name: MIKE HICKS, REGIONAL CLAIMS MANAGER
   Address: 2400 LAKESIDE BOULEVARD, SUITE 200
   City: RICHARDSON   State: TEXAS   Zip: 75082-4341
2. Name: _____
   Address: _____
   City: _____   State: _____   Zip: _____

**FILED**
2017 JUN 27 AM 10: 27

Request Process Form
Revised: 2017/01          2 of 2

CLERK DISTRICT COURT
FORT BEND CO. TX

Exhibit 2

3. Name:_____

   Address: _____

   City:_____ State:_____ Zip:_____

4. Name:_____

   Address: _____

   City:_____ State:_____ Zip:_____

5. Name:_____

   Address: _____

   City:_____ State:_____ Zip:_____

**Section 5**

## Check Service Type:

| | | | |
|---|---|---|---|
| ☐ | No Service | ☐ | Secretary of State |
| ☐ | Sheriff | ☐ | Commissioner of Insurance |
| ☐ | Constable Pct._____ | ☒ | Out of County |
| ☐ | Out of State | ☐ | Private Process |
| NR ☒ | ~~Certified Mail~~ | ☐ | Registered Mail  (Out of Country) |

**Section 6 (ONLY if Section 7 does not apply)**

## Attorney Name:_____

Address:_____
                              Street/P.O. Box

_____  _____  _____
        City                        State                       Zip

Attorney's Telephone No. _____ Attorney's Bar No. _____

**Section 7 (ONLY if Section 6 does not apply)**

## Pro-Se Name:__NORIS ROGERS_____

Address:__14506 BERRINGTON DRIVE_____
                              Street/P.O. Box

___HOUSTON_____  ___TEXAS_____  ___77083-5770___
        City                        State                       Zip

Telephone No. __281.564.0668_____

**Section 8**

## Check Delivery Type:

☒ Hold for pick up    ☐ Mail to Attorney    ☐ Mail to Pro-Se Party

Exhibit 2

**SERVICE FEE NOT COLLECTED**
**BY DISTRICT CLERK**

**THE STATE OF TEXAS**

**CITATION**

TO:    **UNITED STATES FIRE INSURANCE COMPANY**
       **C/O MIKE HICKS REGIONAL CLAIMS MANAGER**
       **2400 LAKESIDE BOULEVARD SUITE 200**
       **RICHARDSON TX  75082-4341**

NOTICE:

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** filed on **June 27, 2017,** a default judgment may be taken against you.

The case is presently pending before the **400TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas. It bears cause number **17-DCV-242902**  and is styled:

**NORIS ROGERS V. UNITED STATES FIRE INSURANCE COMPANY**

The name and address of the attorney for **PLAINTIFF** is:

**NORIS ROGERS**
**14506 BERRINGTON DRIVE**
**HOUSTON TX 77083**

The nature of the demands of said **PLAINTIFF** is shown by a true and correct copy of the **PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, on this the 27th day of June, 2017.

**ANNIE REBECCA ELLIOTT, DISTRICT CLERK**
**FORT BEND COUNTY, TEXAS**
Physical Address:
1422 Eugene Heimann Circle, Room 10142
Richmond, Texas 77469
Mailing Address:
301 Jackson Street
Richmond, Texas 77469

By: _____
**Deputy District Clerk SALENA M JASSO**
**Telephone: (281) 341-3787**

17-DCV-242902
ISSU
Issuance
4851782

FILE

Exhibit 2



**ANNIE REBECCA ELLIOTT**
DISTRICT CLERK
Fort Bend County, Texas

June 27, 2017

**17-DCV-242902**
**NORIS ROGERS V. UNITED STATES FIRE INSURANCE COMPANY**

<u>**NOTICE**</u>

The attachments to this notice are intended for **NORIS ROGERS 281-564-0668**.  If you have received them in error, please return to the District Clerk's Office.

Do not take papers that are not intended for you.

Thank you.

ANNIE REBECCA ELLIOTT
District Clerk

17-DCV-242902
LETT
Letters
4851792

**Physical Address**
1422 Eugene Heimann Circle, Room 10142
Richmond, Texas 77469

http://www.fortbendcountytx.gov
Phone: (281) 341-4509
Fax: (281) 341-4519

**Mailing Address**
301 Jackson, Room 101
Richmond, Texas  77469

FILE

Exhibit 2

SERVICE FEE NOT COLLECTED
BY DISTRICT CLERK

**THE STATE OF TEXAS**

**CITATION**

TO:   **UNITED STATES FIRE INSURANCE COMPANY**
      **C/O MIKE HICKS REGIONAL CLAIMS MANAGER**
      **2400 LAKESIDE BOULEVARD SUITE 200**
      **RICHARDSON TX  75082-4341**

**NOTICE:**

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** filed on **June 27, 2017, a** default judgment may be taken against you.

The case is presently pending before the **400TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas. It bears cause number **17-DCV-242902** and is styled:

**NORIS ROGERS V. UNITED STATES FIRE INSURANCE COMPANY**

The name and address of the attorney for **PLAINTIFF** is:

**NORIS ROGERS**
**14506 BERRINGTON DRIVE**
**HOUSTON TX  77083**

The nature of the demands of said **PLAINTIFF** is shown by a true and correct copy of the **PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, on this the 27th day of June, 2017.

                                            **ANNIE REBECCA ELLIOTT, DISTRICT CLERK**
                                            **FORT BEND COUNTY, TEXAS**
                                            Physical Address:
                                            1422 Eugene Heimann Circle, Room 10142
                                            Richmond, Texas 77469
                                            Mailing Address:
                                            301 Jackson Street
                                            Richmond, Texas 77469

                                            By: _Salena Jasso_
                                            **Deputy District Clerk SALENA M JASSO**
                                            **Telephone: (281) 341-3787**

17-DCV-242902
OFRE
Officers Return
482548

6

FILED

7017 JUL 18  AM 11: 46

_Annie Rebecca Elliott_
CLERK DISTRICT COURT
FORT BEND CO., TX

**ORIGINAL**

Exhibit 2

17-DCV-242902                          **400th Judicial District Court**
Noris Rogers V. United States Fire Insurance Company

## OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 20___, at _____ o'clock ____M.

Executed at _____, within the County of __

_____, at _____o'clock ___M* on the _____ day of _

_____, 20___, by delivering to the within named _____

_____, in person, a true copy of this citation together

with the accompanying copy of the petition, having first attached such copy of such petition to such copy

of citation and endorsed on such copy of citation the date of delivery.

Total fee for serving ____ citation at $80.00 each  $_____

_____
Name of Officer or Authorized Person

_____County, Texas

By:_____
Signature of Deputy or Authorized Person

*State day and hour and place of serving each person.

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is ___NORIS ROGERS, the PLAINTIFF_____

_____,     (First, Middle, Last)

my date of birth is _8.19.1952_, and my address is _14506 BERRINGTON DRIVE_
                                                        (Street, City, Zip)

_HOUSTON, TEXAS 77083-5770_____."

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _FORT BEND_____ County, State of _TEXAS_____, on the

day of _JULY 17, 2017_____.

_____
Declarant / Authorized Process Server

_____
(Id # & expiration of certification)

**ORIGINAL**

Citation (Original Petition) issued to United States Fire Insurance Company on 6/27/2017

Exhibit 2

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mike Hicks, Regional Claims Manager
United States Fire Insurance Company
2400 Lakeside Boulevard, Suite 200
Richardson, Texas 75082-4341.

9590 9402 2236 6193 0111 63

Article Number (Transfer from service label)

7015 0640 0003 0770 6127

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

---

## U.S. Postal Service™
## CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com.

RICHARDSON, TX 75082                    0028

Certified Mail Fee  $3.35                         25

Extra Services & Fees (check box, add fee as appropriate)    $2.75
☐ Return Receipt (hardcopy)         $ $0.00
☐ Return Receipt (electronic)       $ $0.00
☐ Certified Mail Restricted Delivery $ $0.00        Postmark
☐ Adult Signature Required          $ $0.00          Here
☐ Adult Signature Restricted Delivery $ $0.00

Postage  $1.40

Total Postage and Fees  $ .50                   06/30/2017

Sent To  Mike Hicks, Regional Claims Manager
Street  United States Fire Insurance Company
        2400 Lakeside Boulevard, Suite 200
City    Richardson, Texas 75082-4341.

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

7015 0640 0003 0770 6127

Exhibit 2

Filed
7/28/2017 1:38 PM
**Annie Rebecca Elliott**
District Clerk
Fort Bend County, Texas
Ashley Alaniz

## CAUSE NO. 17-DCV-242902

| | | |
|---|---|---|
| NORIS ROGERS | § | IN THE DISTRICT COURT OF |
| *Plaintiff* | § | |
| | § | |
| | § | |
| | § | |
| | § | FORT BEND COUNTY, TEXAS |
| | § | |
| | § | |
| UNITED STATES FIRE INSURANCE | § | |
| COMPANY | § | 400TH JUDICIAL DISTRICT |
| *Defendant* | § | |
| | § | |

### DEFENDANT UNITED STATES FIRE INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S ORIGINAL PETITION

Defendant United States Fire Insurance Company ("U.S. Fire") files this Answer in response to Plaintiff Noris Rogers' ("Plaintiff") Original Petition, and shows the Court as follows:

### GENERAL DENIAL

1.      Pursuant to Rule 92 of the Texas Rules of Civil Procedure, U.S. Fire generally denies all of the allegations contained in Plaintiff's Original Petition, and demands strict proof of each allegation by a preponderance of the credible evidence in accordance with the Constitution and the laws of the State of Texas.

### U.S. FIRE'S ADDITIONAL DEFENSES

2.      Plaintiff has failed to state a claim upon which relief can be granted.

3.      U.S. Fire asserts all terms, conditions, provisions, limitations, requirements, and exclusions of the Accident Only Policy issued by U.S. Fire to Safety America, Inc. ("Safety America") identified as Policy No. US463496 (the "Policy") with a policy period of August 2, 2015 to August 2, 2016 and a maximum benefit amount of $100,000. To the extent that Plaintiff's claim does not comply with such terms, conditions, provisions, limitations,

1

Exhibit 2

requirements, and exclusions, there is no coverage for the claim. To the extent that the Policy provides additional rights, remedies, or options available to U.S. Fire that are not pled in this answer, U.S. Fire does not waive their rights to invoke such provisions either contractually or by further pleading.

4.    Plaintiff's claims are barred by estoppel or waiver.

5.    Plaintiff's damages, if any, were caused, in whole or in part, by Plaintiff's negligence or voluntary acts in, among other things, failing to comply with Policy requirements, seeking coverage for uncovered damages or in amounts not supported by the Policy or facts, and filing suit without meeting conditions precedent to coverage. Therefore, U.S. Fire's liability, if any, is prescribed under the provisions of §33.001 of the Texas Civil Practices & Remedies Code. To the extent any of these actions were caused by a third party, such third party's acts were an intervening or superseding cause of the damages destroying the causal connection to any acts of U.S. Fire. Moreover, to the extent such third party's actions are not directly chargeable to Plaintiff, such third parties have therefore become responsible third parties whose actions should be submitted to the finder of fact for determination of causation or responsibility.

6.    To the extent any damages asserted were caused by the failure of Plaintiff to mitigate its damages either under policy requirements or common law requirements, U.S. Fire pleads the defense of failure to mitigate damages.

7.    To the extent there is "other insurance" covering the claim at issue, the obligations of U.S. Fire are reduced or altered in accordance with the provisions in the Policy concerning other insurance.

8.    Plaintiff has not suffered any damages that are recoverable under any extra-contractual theory of liability.

2

Exhibit 2

9.    Plaintiff cannot recover under Texas Insurance Code Chapter 541 or 542 because U.S. Fire has complied with all requirements therein.

10.    Defendants invoke all rights of contribution or proportionate responsibility (including rights regarding settlement credits or offsets) that may be available under Texas law or Chapters 32 and 33 of the Texas Civil Practice and Remedies Code.

11.    By the filing of this Answer, U.S. Fire does not waive any defenses available to them and may assert these defenses at a later time.

12.    Plaintiff seeks $10,802.80 in additional medical expenses, and alleges that he is due $77,670 in future medical costs. The Policy includes the following language with respect to limitations of benefits payable:

LIMITATIONS

Any benefits payable under this Policy will be limited to the following:

***

(2) Costs that exceed the Usual, Reasonable and Customary charges in the area where the services are furnished or supplies provided. Services, supplies and equipment must be:

    a)    Medically necessary for the care or treatment of a covered Injury;
    b)    Received while coverage is in force under this Policy; and
    c)    Rendered and/or prescribed by a licensed Doctor other than the Covered Person (or a member of his household or immediate family) in accordance with current medical standards and practices.

The Policy includes the following relevant definitions:

DEFINITIONS

***

**"Medically Necessary" or "Medical Necessity"** means the service or supply is:

(1)    Prescribed by a Doctor for the treatment of the Injury; and

3

Exhibit 2

    (2)    Appropriate, according to conventional medical practice for the Injury in the locality in which the service or supply is given.

***

**"Usual, Reasonable and Customary"** means:

(1) With respect to fees or charges, fees for medical services or supplies which are;

    (a) Usually charged by the provider for the service or supply given; and

    (b) The average charged for the service or supply in the locality in which the service or supply is received; or

(2) With respect to treatment or medical services, treatment which is reasonable in relationship to the service or supply given and the severity of the condition.

Plaintiff alleges that he was injured while sparring at Safety America, a martial arts school. Loomis, the third-party administrator for U.S. Fire, has paid, as of the date of this Answer, $32,571.60 for medically necessary benefits for the treatment of Plaintiff's left knee and lower back. After continuous treatment, an independent peer review indicated that Plaintiff did not need further physical therapy. U.S. Fire does not owe Plaintiff any further benefits under the Policy because his treatment is no longer medically necessary.

Based upon the foregoing, Defendant United States Fire Insurance Company prays that Plaintiff's Original Petition be dismissed, and for such other and further relief to which it may be justly entitled.

                    Respectfully submitted,

                    **THOMPSON, COE, COUSINS & IRONS, L.L.P.**

By:    */s/  Christina A. Culver*
              Brian S. Martin
              Texas State Bar No. 13055350
              Christina A. Culver
              Texas State Bar No. 24078388

4

Exhibit 2

One Riverway, Suite 1400
Houston, Texas 77056
Telephone: (713) 403-8210
Facsimile: (713) 403-8299
Email: bmartin@thompsoncoe.com
Email: cculver@thompsoncoe.com

**COUNSEL FOR DEFENDANT UNITED
STATES FIRE INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this, the 28 day of July, 2017, a true and correct copy of the foregoing document was duly served on all known counsel of record via electronic transmission, pursuant to Texas Rules of Civil Procedure and applicable Local Rules, as follows:

Noris Rogers
14506 Berrington Drive
Houston, Texas 77083
*Via Certified Mail and*
*Via Email: norisrogers@sbcglobal.net*

/s/  *Christina A. Culver*
CHRISTINA A. CULVER

5

Exhibit 2